993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL ESTATE KNOWN AS 204 WALLER STREET, PORTSMOUTH, OHIO; Defendant,
Curtis W. McGlone, Claimant-Appellant.
 No. 92-3405.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Curtis W. McGlone, a pro se Ohio prisoner, appeals a district court judgment ordering the forfeiture of his home pursuant to 21 U.S.C. § 881. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, McGlone illegally purchased food stamps from agents of the Department of Agriculture. Based upon the purchase, a warrant was obtained to search McGlone's residence. During the execution of the warrant, a kilo of cocaine was discovered. Although McGlone denied knowledge of the cocaine, an Ohio jury subsequently found McGlone guilty of aggravated drug trafficking.
 
 
 3
 In March 1990, the United States filed a complaint of forfeiture pursuant to 21 U.S.C. § 881. McGlone filed the only claim and answer in the suit. During a bench trial, McGlone maintained that the residence was not subject to forfeiture because he had no knowledge of the drug's existence. The district court found in favor of the United States and ordered the property forfeited. McGlone filed this timely appeal raising five claims for relief.
 
 
 4
 The district court's findings of fact are reviewed under the clearly erroneous standard. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The district court's legal conclusions are reviewed de novo. In re Edward M. Johnson & Assocs., Inc., 845 F.2d 1395, 1398 (6th Cir.1988).
 
 
 5
 Upon review, we conclude that the district court's findings of fact are not clearly erroneous. Furthermore, a de novo review of the district court's legal conclusions establishes that McGlone's residence was properly forfeited. McGlone's numerous arguments are without merit.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.